JUSTICE RICE
concurring.
¶36 I concur with the Court on the resolution of all issues.
¶37 Under Issue 1, however, I am not persuaded by the Court’s conclusion that defense counsel’s failure to interview any of the potential witnesses did not fall below an objective standard of reasonableness. The State brought a homicide charge against Weaver premised upon his alleged confession and circumstantial evidence. There was no direct evidence against Weaver. There were, however, many witnesses who had made various statements about others who may have been involved with the crime. In the absence of direct proof of the crime, these statements had a heightened significance: they could potentially identify a different perpetrator.
¶38 Defense counsel respected Officer Crego and believed that ‘Crego had followed all those leads.”However, under the circumstances of this case, I believe it was defense counsel’s minimum obligation to independently investigate the witnesses to the extent necessary to verify Officer Crego’s conclusions. It is certainly not beyond the realm of possibility that another interview, conducted by the defense instead of the State, could have elicited different answers from the witnesses-particularly if the witnesses were “squirrelly” in nature, as defense counsel believed. Defense counsel apparently did not consider that the “squirrelly” nature of the witnesses may have enhanced the possibility that the statements they originally gave to law enforcement were less than accurate or subject to change.
*452 ¶39 I would conclude, therefore, that defense counsel’s actions fell below an objective standard of reasonableness ‘in light of all of the circumstances of the case.” State v. Thomas (1997), 285 Mont. 112, 119, 946 P.2d 140, 144. Nonetheless, I concur with the Court’s determination that Weaver has not demonstrated a reasonable probability that the trial result would have been different had counsel not failed in this regard. Weaver has not demonstrated that anything which defense counsel would have learned by an appropriate investigation rose to the level of significance necessary to affect the outcome.
CHIEF JUSTICE GRAY joins in the concurrence of JUSTICE RICE.